USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States,

—v—

Dee Farmer,

Defendant.

15-cv-6287 (AJN)
12-cr-578 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

In 2014, the Court sentenced Dee Farmer to 72 months' imprisonment for conspiracy to commit mail fraud, conspiracy to commit an offense against the United States, and aggravated identity theft. Several years later, the Court denied Farmer's writ of habeas corpus under 18 U.S.C. § 2255, as well as a subsequent motion to reconsider that decision. Since then, Farmer has made several additional filings in this case, which the Court collectively construes as a second motion to reconsider its decision denying habeas relief. For the reasons that follow, the Court determines that transfer to the Second Circuit for possible certification is appropriate, but first asks Farmer how he wishes to proceed.

## I. BACKGROUND

The Court presumes familiarity with the underlying facts of this case, which are thoroughly outlined in the Court's March 30, 2016 Memorandum & Order denying Farmer's habeas petition. *See United States v. Farmer*, No. 12-cr-758, Dkt. No. 97. Dee Farmer is a trans woman who uses male pronouns in connection with this case. *See* Dkt. No. 92 at 3. Farmer admitted to creating and sending a forged court subpoena to Experian Credit Agency, a credit reporting bureau. The subpoena sought personal and financial information of 37 individuals, and

1

was accompanied by a cover letter claiming to be from an attorney.  Experian determined that the subpoena was fraudulent and alerted federal authorities.  Dkt. No. 97 at 2.  Farmer eventually pleaded guilty to a superseding indictment charging him with five counts arising from this scheme.  Dkt. No. 67.

Before sentencing, the parties disputed how to calculate Farmer's intended loss amount for purposes of determining a Guidelines sentencing range.  The Government proposed that the Court extrapolate the loss amount from an earlier incident.  A few months before the subpoena scheme, Farmer and his coconspirator exploited two stolen identities to purchase $14,000 worth of merchandise at a New Jersey department store.  Dkt. No. 97 at 2–3.  Relying on this earlier incident, the Government argued that Farmer intended to cause $7,000 of loss per individual in his subpoena scheme.  *Id.* at 3.  Applying this number to the 37 individuals in the forged subpoena, the Government contended that Farmer's proposed intended loss was $259,000 (i.e., 37 names multiplied by $7,000).  *Id.*  Defense counsel, however, objected to this calculation.  *Id.* at 11–12.

In January 2014, the Court accepted the Government's proposed intended loss amount, and thus calculated Farmer's Guidelines Range as 70–87 months plus a mandatory consecutive 24-month term.  The Court sentenced Farmer to 72 months' imprisonment.  The next month, Farmer filed a notice of appeal, but withdrew the appeal in December 2014.  Dkt. Nos. 82, 86.  In August 2015, Farmer filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255.  Dkt. No. 87; *see also Farmer v. United States*, No. 15-cv-6287 (AJN) (parallel civil docket).  In March 2017, the Court denied Farmer's writ of habeas corpus.  Dkt. No. 97.  In April 2017, Farmer indicated his intention to file a motion for reconsideration, and the Court extended his deadlines to do so multiple times.  In late 2016, Farmer filed multiple documents which the

Court construed as a motion for reconsideration. *See* Dkt. No. 123 at 3. On August 8, 2018, the Court denied Farmer's motion for reconsideration. *Id.* at 4.

Since that decision, Farmer has made several more filings in this case. In September 2018, Farmer filed a "motion for appropriate relief." Dkt. No. 126. Shortly after making that filing, however, Farmer appealed the Court's earlier decision to the Second Circuit. Civil Dkt. No. 56. In May 2019, the Second Circuit determined that Farmer had not timely appealed and thus dismissed his appeal. Civil Dkt. No. 57.

In June 2019, Farmer filed a "motion for relief from final judgment," a "motion for appropriate relief," and an affidavit. Dkt. Nos. 127, 128, 129. Once again, because of the special solicitude afforded to *pro se* litigants, the Court construes these filings as a single Rule 60(b) motion to reconsider the Court's earlier decision denying Farmer's § 2255 petition. *See* Dkt. Nos. 97 (denying petition). Farmer challenges the Court's earlier decision by pointing to purportedly newly discovered evidence. He contends that he has "learned that the Government was aware and had evidence that my brother . . . had previously sent a forged court order to Experian Credit Agency; and that the agency was not able to produce credit reports for each individual identified in that court order; and that only a small percentage of the credit reports produced were ever used because of personal logistic reasons." Dkt. No. 127 at 1. Farmer claims that "the prior forged court order is exculpatory in nature" because "it proves that the credit agency is unable to provide credit reports for each person identified in a forged court order . . . Thus, the prior forged court order [corroborates] my longstanding assertion that the credit agency would not have been able to provide credit reports for all of the 37 individuals listed in the forged court order in this case and that the majority of any credit reports the credit agency may have disclosed . . . would have been unusable." Dkt. No. 128 at 3. Under this argument, the

3

Court erred in calculating the loss amount, and Farmer thus argues that "the failure of [his] lawyer to discover this evidence constitute[s] a Brady violation and ineffective insistence of counsel." Dkt. No. 127 at 1. Farmer's motion for reconsideration is now before the Court.

## II. LEGAL STANDARD

Under Federal Rule 60(b), a court may relieve a party from final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Second Circuit has made clear that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). As the Supreme Court has recognized, there exists "friction between [Rule 60(b)] and the successive-petition prohibitions of AEDPA [the Anti–Terrorism and Effective Death Penalty Act] . . ." *Id.* at 534–35. A Rule 60(b) motion for relief from denial of a habeas petition may therefore, in certain circumstances, be considered a successive habeas petition. *Id.* at 531; *see also Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). If a Rule 60(b) motion advances a substantive claim for relief that has been previously denied in a habeas petition, then the Rule 60(b) motion is more properly considered to be a second or successive habeas petition. *Gonzalez*, 545 U.S. at 531. Conversely,

"when a Rule 60(b) motion attacks[] not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion does not count as a second or successive habeas petition. *Id.* at 532; *see Harris*, 367 F.3d at 77 (permitting Rule 60(b) relief from a previous habeas proceeding only when the "motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction").

District Courts have "two procedural options" when confronted with what amounts to a successive § 2255 petition in the guise of a Rule 60(b) motion: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition" and transfer it to the Second Circuit "for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.2d 529, 534 (2d Cir. 2002)). If the Court takes the former option, however, the Second Circuit has made clear that no transfer should occur "until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction." *Gitten*, 311 F.2d at 534.

### III.  FARMER'S MOTION FOR RECONSIDERATION

Here, Farmer challenges his underlying conviction on the basis of newly discovered evidence, and the Court thus construes his motion as a successive habeas petition. As discussed, the Court can therefore either transfer his motion to the Second Circuit for possible certification or consider its merits. *Harris*, 367 F.3d at 82. The Court concludes that transfer to the Second Circuit for possible certification is appropriate here. However, under *Gitten*, the Court must inform Farmer of its intent to transfer and afford him opportunity to avoid the transfer. No later

5

than one month from the date of this Opinion and Order, Farmer must inform the Court whether he wishes to withdraw his motion for reconsideration, refile it as a new collateral attack, or proceed in some another manner.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Because Farmer is proceeding *pro se*, the Court will mail him a copy of this Opinion, and note that mailing on the public docket.

SO ORDERED.

Dated: August 16, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge